KENNY v. KNIGHT et al.

(Circuit Court, D. Massachusetts. December 9, 1902.)

No. 1,269.

1. CONTRACTS—ACTION FOR BREACH—DEMURRER TO COMPLAINT.

A demurrer to the complaint in an action on a contract, on the ground that the contract is vague, indefinite, incapable of enforcement, and void for uncertainty, goes to the right of the plaintiff to maintain the action, and the question whether the damages specifically claimed are such as are recoverable for breach of the contract declared on cannot be considered.

2. SAME—POWER TO TERMINATE—EFFECT.

Though a contract shows on its face that it is terminable at the will of either party on reasonable notice, it does not follow that it is not obligatory upon the parties so long as they continue to act under it, before revoking or terminating it.

3. SAME—CONSTRUCTION.

A contract recited that defendants were sole owners of a fire extinguisher, together with the patents under which it was made and sold. It was provided that plaintiff should have charge of the introduction of the extinguisher in a certain state, and that defendant might annul the contract by notice in writing. *Held*, that the contract did not show that the term contemplated by the parties was the term of the patent.

On Demurrer to Declaration.

Elder & Whitman, for plaintiff.

Charles A. Castle, for defendants.

BROWN, District Judge. The cause of demurrer is stated, as follows:

"The contract declared on herein by plaintiff, a copy of which is annexed to the declaration, which said contract is the basis of plaintiff's action, is vague, indefinite, incapable of enforcement, and void for uncertainty."

Under this general demurrer, the question whether the damages specifically claimed are such as are recoverable for breach of the contract declared on cannot be considered. The demurrer goes to the right of the plaintiff to maintain an action upon the contract, and not to the measure of damages for a breach of such contract.

The sole ground presented upon argument to support the contention that the plaintiff has not stated such a cause of action as entitles him to relief in law is that the written contract contains no express limit as to time, and is therefore terminable by either party. Even were we of the opinion that the written contract showed upon its face that it was terminable at the will of either party, or upon reasonable notice, it would not follow that the agreements therein contained would not be obligatory upon the parties so long as they continued to act under such contract, before revoking or terminating it. It cannot be inferred from the declaration that there has been any revocation or termination of the contract.

Nor is it at all clear that the defendants are right in their contention that the contract itself contains no provision as to its continuance. The written memorandum of agreement, which is made part of the declaration, recites that the defendants are sole owners of a fire ex-

tinguisher known as the "Underwriters' Fire Extinguisher, No. 6," together with the letters patent of the United States thereon, and under which said extinguisher is manufactured and sold; that the defendants are desirous of availing themselves of the experience and services of the plaintiff in the introduction and sale of said extinguisher in the states of North and South Carolina. It is agreed that the defendants shall sell and deliver to the plaintiff as many fire extinguishers as the plaintiff shall order. The price, and the circumstances under which the price can be varied, are clearly determined by the contract. By the ninth clause the plaintiff agrees, "after the first ninety (90) days, to take forty (40) or more extinguishers per month, and, failing to do so for any three consecutive months thereafter, that the parties of the first part [the defendants] shall have the right of annulling this contract by giving notice in writing to the last known address of the party of the second part [the plaintiff] thirty (30) days in advance." The plaintiff contends that upon an interpretation of the whole contract, which relates to a patented article, it appears that the parties contemplated the term of the patent as the term of their agreement. This contention is, in my opinion, erroneous. The mere recital of the fact that letters patent of the United States cover the manufacture and sale of the articles is of no significance; and there is nothing in the agreement from which an intention to assign or to license, or to continue the agreement for the term of the patent, can be inferred.

It is unnecessary, upon this demurrer, to determine whether the defendants are bound, under the first and ninth clauses of the written contract, to furnish the extinguishers so long as the plaintiff orders 40 or more per month. It is sufficient to say that the declaration sets out an agreement by the defendants to sell the plaintiff, at a fixed price, as many fire extinguishers as he should order, and alleges that the plaintiff has ordered 527, which the defendants refused to sell and deliver. The declaration alleges also, in substance, that the agreement in writing was in force at the time of this refusal to sell and deliver, and also alleges breaches of other provisions of the contract. Upon an examination of the declaration and of Exhibit A, it cannot be said, as a matter of law, that the breaches of contract declared upon are legal impossibilities.

Demurrer overruled.